UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES ANESTHESIA, PLLC,
SUMMIT MEDICAL GROUP, PLLC,
GREATER LAKES AMBULATORY
SURGICAL CENTER, PLLC, d/b/a
ENDOSURGICAL CENTER AT GREATER
LAKES,

                Plaintiffs,                Case Number 11-10658
                                                      Honorable David M. Lawson

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                Defendant.
_____/

## ORDER DENYING MOTION TO CONSOLIDATE CIVIL CASES

This matter is before the Court on the parties' joint motion to consolidate the following cases filed in the Eastern District of Michigan, all involving similar parties with the exception of the addition of Michigan Institute of Pain and Headache, P.C. in case number 11-11003:

(1) this case;

(2) *Greater Lakes Ambulatory Surgical Center, PLLC, Great Lakes Anesthesia, PLLC, Michigan Institute of Pain and Headache, P.C. v. State Farm Mutual Automobile Insurance Company*, case number 11-11003 (Hon. Robert Cleland);

(3) *Greater Lakes Ambulatory Surgical Center, PLLC, Great Lakes Anesthesia, PLLC, Summit Medical Group, PLLC v. State Farm Mutual Automobile Insurance Company*, case number 11-11855 (Hon. Avern Cohn);

(4) *Greater Lakes Ambulatory Surgical Center, PLLC, Greater Lakes Anesthesia, PLLC, Summit Medical Group, PLLC v. State Farm Mutual Automobile Insurance Company*, case number 11-12135 (Hon. David Lawson).

The parties seek to consolidate the cases because they are all suits brought under Michigan's no-fault insurance law by health-care providers seeking to recover reimbursement for medical services allegedly rendered to individuals insured by State Farm Mutual Automobile Insurance Company, and the cases all involve determining whether the medical services rendered were reasonable and necessary.

Rule 42 of the Federal Rules of Civil Procedure grants a court discretion to consolidate actions "[i]f [the] actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). "Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties or make those who are parties in one suit parties in another." *Kraft, Inc. v. Local Union 327, Teamsters*, 683 F.2d 131, 133 (6th Cir. 1982) (quoting *Johnson v. Manhattan Ry Co.*, 289 U.S. 479, 496-97 (1933)). Geared toward increasing the efficient allocation of judicial resources, consolidation is proper especially when multiple proceedings "would be largely duplicative." *See Central States, Se. & Sw. Area Pension Fund v. Smeltzer Enters, Inc.*, No. 08-50180, 2009 WL 3672120, at *1 (E.D. Mich. Oct. 30, 2009).

The parties argue that all of the cases involve the "identical issues of whether the medical services rendered were reasonable and necessary, whether the charges were reasonable, whether the charges qualify as 'allowable expenses,' and other similar issues involving Michigan's No-Fault Act." Mot. at 3. The commonality, however, is purely categorical. Although the medical providers and the insurer may be the same entities, the insured patient is different in each case. Consequently, the determination of the necessity of treatment and reasonableness of the charges requires an individual assessment of the injuries and treatment for each of the injured parties. Evidence

presented to support one insured's claims would have absolutely no bearing on the outcome of the other insureds' claims. Under Michigan's No-Fault Act, an insurer is liable only for expenses that are reasonable, necessary, and incurred. *Nasser v. Auto Club Ins. Ass'n*, 435 Mich. 33, 50, 457 N.W.2d 637, 645 (1990). To obtain relief, the plaintiffs will have to offer evidence, relevant to only one particular case, of the nature of each insured's injuries and the medical care each insured received to establish that the care provided was reasonable and necessary.

The Court fails to see the judicial economy to be gained by consolidating the four cases. The parties have not identified a common question of law, and the purportedly common factual questions are not in fact common.

However, counsel for the parties — who *are* common in each of the four cases — have suggested that discovery of the respective parties' methods and procedures may overlap among the cases. They state that economy would be served by consolidating the cases for discovery, at least as to issues that do not require an assessment of the treatment actually provided to the individual patients in the respective cases. Therefore, the Court will entertain the parties' stipulation to consolidate the cases for discovery only and permit the products of discovery in one case to apply and be introduced in the other cases.

Accordingly, it is **ORDERED** that the motion to consolidate cases [dkt. #15] is **DENIED**.

It is further **ORDERED** that the parties may present a stipulation to consolidate the cases for discovery only, as described above.

                                                 s/David M. Lawson
                                                 DAVID M. LAWSON
                                                 United States District Judge

Dated: June 22, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 22, 2011.

                                              s/Deborah R. Tofil
                                              DEBORAH R. TOFIL