UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES ANESTHESIA, PLLC,
SUMMIT MEDICAL GROUP, PLLC,
GREATER LAKES AMBULATORY
SURGICAL CENTER, PLLC, d/b/a
ENDOSURGICAL CENTER AT GREATER
LAKES,

            Plaintiffs,            Case Number 11-10658
                                                          Honorable David M. Lawson

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

            Defendant.
_____/

## **ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on the defendant's motion to dismiss for failure to prosecute. The defendant argues that the plaintiffs' failure to cooperate in scheduling several depositions warrants dismissal of the case for failure to prosecute, citing Federal Rule of Civil Procedure 41(b). The Court takes up the defendant's motion before the plaintiffs respond because the motion plainly lacks merit.

The plaintiffs filed suit in the Wayne County, Michigan circuit court on December 30, 2010. The defendant removed the case to federal court on February 17, 2011 and answered the complaint on March 4, 2011. The plaintiffs filed an amended complaint on April 7, 2011, and the defendant filed an answer on April 14, 2011. On June 1, 2011, the parties filed a joint motion to consolidate four cases between them pending in this district, and the Court denied the motion on June 22, 2011.

The defendant takes issue with the plaintiffs' refusal to provide the defendant with dates to conduct a number of depositions. The defendant describes the correspondence and other communication between counsel and the apparent difficulty of coordinating schedules. The Court conducted a status conference on June 21, 2011, after which the parties conferred to select dates for the depositions. The defendant alleges that the parties agreed to have the depositions completed during the week of July 18, 2011. That week, however, became unworkable because two of the plaintiffs' principals planned to take a vacation. Plaintiffs' counsel has not responded to subsequent inquiries from defense counsel. Additionally, the plaintiffs apparently have failed to answer the defendant's interrogatories and requests to produce, which were due on April 17, 2011.

Under Federal Rule of Civil Procedure 41(b), the Court has discretion to dismiss a case for failure to prosecute. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation marks omitted). Local Rule 41.2 provides: "[W]hen it appears that . . . the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing . . . the case unless good cause is shown." E.D. Mich. LR 41.2. The Sixth Circuit has instructed courts to consider the following four factors in determining whether dismissal is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Mulbah*, 261 F.3d at 589. "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363). "'[T]he sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process.'" *Id.* (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005)).

The defendant argues that the plaintiffs' failure to cooperate in scheduling the depositions mentioned above warrants dismissal of the complaint for failure to prosecute. The plaintiffs' failure to cooperate in discovery may warrant sanctions, but dismissal for failure to prosecute certainly is not one of them. There has been no period of prolonged inactivity in the case. The parties appeared for a status conference less than a month before the defendant filed this motion, and the defendant, in conjunction with the plaintiffs, filed a joint motion to consolidate cases roughly a month and a half before the defendant's motion to dismiss. Spans of a month or more between filings with the Court are not uncommon during discovery and do not constitute a failure to take action within a "reasonable time." In fact, the Case Management and Scheduling Order expressly prohibits filing discovery materials on the docket except under certain limited circumstances. Case Management and Scheduling Order at 2. The defendant has not, and cannot, show that the plaintiffs have failed to prosecute this action, at least for the present.

Assuming for the sake of argument that roughly a month of inactivity constituted a failure to prosecute, dismissal still would not be an appropriate remedy in this case. *Mulbah*, 261 F.3d at 593. The Court is required to consider "'alternative sanction[s that] would protect the integrity of the pretrial process." *Schafer*, 529 F.3d at 737 (quoting *Wu*, 420 F.3d at 644). There are a number

of alternative sanctions that the Court may wield against a recalcitrant plaintiff, including fines, barring participation in oral argument, preclusion of witnesses, adverse inference jury instructions, and eventually dismissal. *See* Fed. R. Civ. P. 37(b)-(d); *see also Mulbah*, 261 F.3d at 593. However, the defendant seeks the drastic remedy of dismissal to cure the all too common failure to cooperate in discovery, a problem that Rule 37 is intended to address when an appropriate motion is filed.

The defendant has not shown that the plaintiffs "have taken no action for a reasonable time." Therefore, the defendant's motion in the ground of failure to prosecute will be denied.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss for failure to prosecute [dkt. #17] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 27, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 27, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL