UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES ANESTHESIA, PLLC,
SUMMIT MEDICAL GROUP, PLLC,
GREATER LAKES AMBULATORY
SURGICAL CENTER, PLLC, d/b/a
ENDOSURGICAL CENTER AT GREATER
LAKES,

        Plaintiffs,        Case Number 11-10658
                                    Honorable David M. Lawson

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.
_____/

**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY OF DR. EUGENE MITCHELL AND DETERMINE WHETHER DR. MITCHELL SHOULD BE COMPENSATED AS AN EXPERT WITNESS**

The matter is before the Court on the plaintiffs' motion to compel deposition testimony of Dr. Eugene Mitchell and determine whether Dr. Mitchell should be compensated as an expert witness. The plaintiffs argue that they should not be required to pay Dr. Mitchell's fee because they do not intend to ask any questions about his medical opinions. The defendant contends that Dr. Mitchell is entitled to prepayment of his expert witness fees at the rate of $1,200 for the first hour and $1,000 for every hour thereafter.

Under Federal Rule of Civil Procedure 26(b)(4)(E), the party seeking discovery must, "unless manifest injustice would result," "pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." The rule does not require the party seeking discovery to prepay the expert's fees. Rather, Dr. Mitchell is entitled only to a reasonable fee for

the time actually spent in the deposition. Therefore, the Court will order that Dr. Mitchell appear for his deposition as currently scheduled.

As mentioned above, Dr. Mitchell is entitled to a reasonable fee for his time spent responding to the plaintiffs' discovery request. The Court is the final arbiter of what constitutes a reasonable fee and will approve Dr. Mitchell's fees upon submission of documentation that substantiates his fees. The parties are reminded that although "[a]n expert's hourly rate for professional services is presumptively a reasonable hourly rate for deposition," *Barrett v. Nextel Commc'ns, Inc.*, No. 04-74556, 2006 WL 374757, at *2 (E.D. Mich. Feb. 16, 2006), several factors may be relevant in determining a reasonable fee for an expert: "(1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." *U.S. Energy Corp. v. Nukem, Inc.*, 163 F.R.D. 344, 345-46 (D. Colo. 1995).

Accordingly, it is **ORDERED** that the plaintiffs' motion to compel deposition testimony of Dr. Eugene Mitchell and determine whether Dr. Mitchell should be compensated as an expert witness [dkt. #23] is **GRANTED IN PART**.

It is further **ORDERED** that Dr. Eugene Mitchell shall appear for his deposition on September 29, 2011 at the time and location indicated in the Notice of Taking Deposition.

It is further **ORDERED** that the defendant shall submit documentation to establish Dr. Mitchell's reasonable hourly fee **on or before October 12, 2011**.

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge

Dated: September 28, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 28, 2011.

        s/Deborah R. Tofil
        DEBORAH R. TOFIL